UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALCOLM LEON WISE,

      Plaintiff,

v.                            CASE NO. 8:15-cv-1445-T-23AEP

BERNARD YUKNA,

      Defendant.

_____/

## O R D E R

Wise alleges that the defendant violated his civil rights by denying his rights under the Americans With Disabilities Act of 1990 ("ADA").  An earlier order (Doc. 8) permits Wise to proceed *in forma pauperis*.  The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a

formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  As a consequence, *Twombly* specifically applies to a Section 1983 prisoner action.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Wise's *pro se* complaint fails to state a claim.  Wise alleges that

he usually receives his prescribed dose of medication (Dilantin) three times each day. However, on December 3, 2012, while confined in the Pinellas County jail, a nurse required him to take his entire daily quantity of medication in a single dose, which caused him to overdose. As a consequence, he was transported to the hospital and treated for Dilantin toxicity. He alleges that because of that incident he suffers from high blood pressure. Wise alleges that "[t]his is all from failure to make reasonable accommodation for my disability." (Doc. 1 at 9) The relief that Wise requests is for "the Court to hold the medical provider Bernard Yukna liable for failure to reasonabl[y] accommodate Plaintiff's disability and award Plaintiff $48 million for a medical decision which has facilitated a continual state of disability and dependance upon the drug Dilantin . . . ."

In an earlier action, *Malcolm Leon Wise v. Sheriff Bob Gualtieri, et al.*, 8:14-cv-25-T-23AEP, Wise pursued a claim against Dr. Yukna based on these same facts, in which action Wise alleged that the overdose was caused by the defendant's negligence or medical malpractice. The earlier action was dismissed because a Section 1983 claim for the denial of medical care can proceed based only on proof of either an intentional denial of medical care or a deliberate indifference to a serious medical need, but not based on negligence or malpractice. In the present action, Wise re-characterizes his denial-of-medical-care claim as a violation under the ADA for discrimination based on a disability.

Under Title II of the ADA, public entities are prohibited from discriminating against individuals with a disability or denying them services because of a disability. Not every injury or condition qualifies as a "disability." *Owens v. Sec'y, Florida Dep't of Corr.*, 602 Fed. App'x 475, 477 (11th Cir. 2015), defines a "disability" as follows:

> A disability is "a physical or mental impairment that substantially limits one or more major life activities," such as caring for oneself, concentrating, or thinking. 42 U.S.C. § 12102(1)(A), (2)(A). A qualified individual with a disability is someone who has a disability and "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity," with or without reasonable modifications. *Id.* § 12131(2).

In addition to having a condition that meets the definition of a "disability," a plaintiff must, as *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007), explains, prove the following three elements to state a claim of discrimination under Title II:

> (1) that he is a qualified individual with a disability; and
> (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and
> (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

The complaint fails to meet these pleading requirements for stating a claim. Wise must amend his action and allege facts sufficient to meet each of the above requirements.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED**. The clerk must close this case. If he believes that he can assert a valid claim, on or before

**MONDAY, SEPTEMBER 14, 2015**, Wise may submit an amended complaint and

move to re-open this action

      ORDERED in Tampa, Florida, on August 17, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE